IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Aaron Owen Schreiber (#456227), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15 C 11895 |
| v. ) | |
| ) | Judge Joan Humphrey Lefkow |
| ) | |
| Summit-Argo Police Department, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

    Plaintiff's motion for an extension of time to submit additional trust fund account information [12] is denied and his application for leave to proceed *in forma pauperis* [4] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $13.84 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at Kankakee County Jail. Plaintiff's complaint [1] is dismissed with prejudice, pursuant to initial review under 28 U.S.C. § 1915A, for failure to state a cognizable claim. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for attorney representation [5] is denied as moot. This case is terminated.

**STATEMENT**

    When he signed his motion seeking leave to proceed *in forma pauperis* and his § 1983 prisoner civil rights complaint in September 2015 and December 2015, respectively, Plaintiff Aaron Owen Schreiber appeared to be in the custody of the Federal Bureau of Prisons (per his *in forma pauperis* affidavit), which presumably was housing him at the Livingston County Jail (per the mailing address he provided). Plaintiff's claims arise from his arrest on April 2011 following a traffic stop. He has filed suit against the Summit Police Department, Summit Police Department Detective Robert Mase, the Assistant Public Defender assigned to his state court criminal case, Cook County State's Attorney Anita Alvarez, nine Assistant Cook County State's Attorneys, "John James/Joseph Hynes" (apparently, Cook County Judge John Joseph Hynes), and John Doe Defendants who are employed by the Blue Island and Summit-Argo Police Departments. The gravamen of his complaint is that Defendants—all of whom were involved in his arrest, the investigation of an unspecified state criminal offense, or the associated state court criminal proceedings—had no basis for believing that he had engaged in illegal activity. Plaintiff allges that Defendants' actions caused him to be maliciously prosecuted, which led to his detention

in a series of different County Jail facilities.[1]  Plaintiff contends that it is "completely erroneous to allow the innocent to sit in jail" in the "harsh jail environment" and "not even give an answer as to why this was done."  (Compl. at 7.)

Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis*, his complaint for an initial review pursuant to 28 U.S.C. § 1915A, his motion for attorney representation, and his motion for an extension of time to provide trust fund account information.

Under 28 U.S.C. § 1915(a)(2), a prisoner who seeks to bring a civil action without prepayment of fees is required to submit a certified copy of his trust fund account for the six-month period "immediately" preceding the filing of his complaint, which in this case was June 30 through December 31, 2015.  On May 25, 2016, the Court issued an order stating that Plaintiff had submitted trust fund account information for a six-month period ending on September 7, 2015.  (Dkt. 7.)  It thus directed him to pay the $400 fee or file an amended in forma pauperis application with a certified copy of his trust fund account for the six-month period immediately preceding the filing of his complaint.  (*Id.*)

On June 20, 2016, the Court granted Plainitff's motion for an extension of time to submit a new trust fund account statement based on his representation that he was having difficulty obtaining a new statement because he had been moved to the Livingston County Jail.  (Dkt. 9.)  Plaintiff filed several documents later that month and in July 2016 indicating that he continued to have difficulty obtaining a new trust fund account statement.  On June 27, 2016, Plainitff filed an amended motion for leave to proceed *in forma pauperis* that included his trust fund information from November 2, 2015 through June 14, 2016.  (Dkt. 11.)  Because he did not provide trust fund account information for the entire six-month period before he filed this lawsuit, however, the Court directed Plaintiff to try again.  (Dkt. 13.)  In response, he sought an extension of time.

Plaintiff has moved between multiple different County facilities while this action has been pending.  The fact that he appears to be in federal custody but has been housed in multiple County facilities may be contributing to the delay in obtaining complete records from the Federal Bureau of Prisons covering the entire six-month period preceeding the filing of this case.  At this point, Plaintiff has submitted trust fund information for most of the six-month period immediately preceeding the filing of this case and approximately fourteen months' worth of trust fund information overall.  Accordingly, his motion for an extension of time to obtain additional information is denied as unnecessary.  Plaintiff's application for leave to proceed *in forma*

---

[1] The plaintiff's complaint refers to unspecified state court criminal offenses.  He currently appears to be in federal custody following an indictment for bank robbery.  *See United States v. Schreiber*, No. 14 CR 719 (N.D. Ill.) (Wood, J.).  He was previously in federal custody in this district in 2010 following the revocation of supervised release.  *See United States v. Schreiber*, No. 09 CR 410 (N.D. Ill.) (Kendall, J.).  Additional proceedings regarding alleged violations of the conditions of supervised release are ongoing.  (*Id.*)

*pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $13.84 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

In Illinois, the statute of limitations for § 1983 actions is two years. *See*, *e.g.*, *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 Ill. Comp. Stat. § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as

frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Here, Plaintiff signed his complaint on December 17, 2015. His § 1983 claims are based on his April 2011 arrest, as well as events that transpired the week after his arrest and during June 2011, September 2011, December 2012, January 2013, and February 2013. (Dkt. 1 ¶¶ 1, 7-28.) He also challenges Cook County Judge Hynes' February 6, 2015 ruling denying his motion to suppress "without argument from the state." (*Id*. ¶ 29.)

The two-year statute of limitations for claims related to unlawful seizures and searches begin to run immediately at the time of the allegedly unlawful search or seizure. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (arrest); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998) (search and seizure). Accordingly, given the two-year statute of limitations and Plaintiff's December 17, 2015 complaint, any claims based on events prior to December 17, 2013, including Plaintiff's 2011 traffic stop and arrest, are untimely. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Wallace*, 549 U.S. at 387); *Moore v. Burge*, 771 F.3d 444, 447 (7th Cir. 2014)). These claims are dismissed with prejudice.

This leaves Plaintiff's claim based on Cook County Judge Hynes' February 6, 2015 ruling. The parameters of this claim are unclear. Nevertheless, judges, prosecutors, and witnesses are absolutely immune from claims for damages for their judicial acts, prosecutorial conduct, and testimony in judicial proceedings. *See Dawson v. Newman,* 419 F.3d 656, 661 (7th Cir. 2005) (noting that judicial immunity applies to actions of a judge performed in his judicial capacity); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (noting that prosecutor is absolutely immune from monetary damages where acting as advocate for state) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003) ("But witnesses, including police officers testifying for the prosecution in a criminal trial, have absolute immunity from a damages suit based upon their testimony."). Plaintiff's claim based on Judge Hynes' ruling is dismissed with prejudice.

In sum, the Court discerns no basis for federal liability and amendment appears futile. This action therefore is dismissed for failure to state a claim. *See Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) ("[I]f a plaintiff fails to properly allege a claim for relief brought under a federal statute, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6)[.]"). The present dismissal counts as a strike under 28 U.S.C. 1915(g). Plaintiff's motion for attorney representation is denied as moot, given the termination of this case. The Court emphasizes, however, that counsel would not aid Plaintiff here as there is no cognizable claim for counsel to pursue.

Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is

found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If Plaintiff accumulates three dismissals under 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* § 1915(g). If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: September 16, 2016

_____
Joan H. Lefkow – U.S. District Judge